IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02853-CMA-MJW

PAUL GALLOWAY,

    Plaintiff,

v.

FLEXSTAR TECHNOLOGY, INC.,
ANTHONY LAVIA, and JOHN DOES 1-10,

    Defendant.

### PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION ( Docket Po 26-1 )

Pursuant to F.R.C.P. 26, the Court hereby enters the following Protective Order:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. "CONFIDENTIAL INFORMATION" shall include: (a) All confidential and proprietary information relating to Defendants' business, including confidential information concerning Defendants' current or former employees when designated as "confidential" as

provided herein, business plans, technical information related to trade secrets; (b) Documents and information produced by Plaintiff concerning Plaintiff's individual medical, personal identification, employment, financial and/or tax records when designated as "Confidential" as provided herein; (c) Documents obtained by Defendants through releases produced by Plaintiff concerning Plaintiff's medical, personal identification, financial and/or tax records; and (d) Any confidential information related to other litigation or other potential litigation involving one or more of the Parties.

4. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, without the prior consent of the party producing it or further Order of the Court, to:

(a) attorneys, including corporate in-house attorneys, working on this case;

(b) persons regularly employed by the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Parties, including employees or officers of Flexstar Technology, Inc. (or its affiliated corporate entities) with decision-making authority over this case;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the Parties.

6. Documents may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL," or by informing the non-producing party in a written communication or in an electronic mail message that a document is CONFIDENTIAL. In addition, any medical records and any financial or tax records for Plaintiff that Defendant obtains as a result of a release or authorization form signed by Plaintiff shall be deemed "CONFIDENTIAL INFORMATION," whether or not Plaintiff or any other person has stamped the word "Confidential" on those records or has designated them as "CONFIDENTIAL" in a written communication or in an electronic mail message to the non-producing party.

7. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as "Confidential" in a written communication or in an electronic mail message to the non-producing Parties as set forth in Paragraph 6 above.

8. The Party receiving CONFIDENTIAL INFORMATION ("RECIPIENT PARTY") must provide a copy of this Order to any individual to whom they disclose CONFIDENTIAL INFORMATION and each such individual will be bound by this Order. No

person, nor any witness, potential witness or expert will be permitted to review CONFIDENTIAL INFORMATION until that person has signed a non-disclosure agreement in the form attached hereto as **Exhibit A**, certifying that he or she has received a copy of this Order and agrees to be bound by its terms. Individuals authorized to review CONFIDENTIAL INFORMATION shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Producing Party or by court order. All executed copies of **Exhibit A** shall be retained by disclosing counsel up to and including one year from the date of final disposition of this action. The requirement to sign a copy of Exhibit A does not apply to attorneys, including corporate in-house attorneys, working on this case; persons regularly employed by the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the Parties, including employees or officers of Flexstar Technology, Inc. (or its affiliated corporate entities) with decision-making authority over this case; or the Court and its personnel.

9. Whenever a deposition or any document produced or disclosed for the first time in a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof and any such document shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation may be made on the record during the deposition, but a Party may ALSO designate portions of depositions or any document produced or disclosed for the first time in a deposition as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the stenographic reporter of the completion of the transcript. Any

individuals not authorized under the terms of this order to receive CONFIDENTIAL INFORMATION will be excluded from the room in which the deposition is conducted while CONFIDENTIAL INFORMATION is being discussed.

10. A Party may object to the designation of information designated as particular CONFIDENTIAL INFORMATION by giving written notice to the Producing Party or to Plaintiff in the case of medical records or financial or tax records for Plaintiff that Defendant obtains as a result of a release or authorization form signed by Plaintiff. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL or of Plaintiff in the case of medical records or financial or tax records for Plaintiff that Defendant obtains as a result of a release or authorization form signed by Plaintiff to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating Party or Plaintiff in the case described above fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL or Plaintiff in the case described above shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. In the event it is necessary for the Parties to file CONFIDENTIAL INFORMATION with the Court in connection with any proceeding or motion, ~~the CONFIDENTIAL INFORMATION~~ the filing Party shall comply with the requirements of D.C.COLO.LCiv.R 7.2 to seek leave to file the CONFIDENTIAL INFORMATION under seal..

12. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14. Any defendant named in this action after the entry of this Protective Order may join this Order and become bound by the restrictions and requirements contained herein by filing with the Court a stipulation stating his or her agreement to the terms of this Protective Order and signed by counsel of record of all Parties,.

15. Any Party may apply to the Court for further protection of CONFIDENTIAL INFORMAITON. This paragraph shall in no way constitute a waiver by any Party of its right to object to the provision of further protection which may be sought.

Entered This 10TH Day of May 2011.

By The Court

*[signature]*
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the Protective Order relating to Confidential Information entered in *Paul Galloway v. Flexstar Techonology, Inc., et al.*, Civil Action No. 10-cv-02853-CMA-MJW, and agree to be bound by its terms.

_____
Signature

_____
Type or print name

_____
Address

_____

_____
Date