## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Case No. 10-cv-02853-CMA-MJW

---

**PAUL GALLOWAY,**

    Plaintiff

v.

**FLEXSTAR TECHNOLOGY, INC.,
ANTHONY LAVIA, MARK MEYER, TIM BECK,
HAROLD ROBINSON, AND JOEL RUSS,**

    Defendants

---

## AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff Paul Galloway, by and through his undersigned attorneys, McNamara Roseman & Kazmierski LLP, and Sanford Wittels & Heisler, LLP, hereby alleges the following:

### OVERVIEW OF FLEXSTAR DEFENDANTS' WRONGFUL CONDUCT

1. This is a case about witness retaliation. Defendant Flexstar Technology, Inc. ("Flexstar" or the "Company") conspired with its CEO, Board of Directors and Vice Presidents (collectively "Defendants") to fire Plaintiff Paul Galloway, one of Flexstar's senior management employees, because he provided testimony in a lawsuit pending in United States District Court.

2. This democracy-subversive act must not be allowed to stand. It violates the protections of 42 U.S.C. § 1985(2) which safeguards the rights of individuals to speak freely before courts without fear of retribution from anyone, including their employer.

3. Defendants' actions also violate COLO. REV. STAT. § 8-2.5-101(1)(a) and Colorado common law which make it unlawful for an employer to take any action against its employees for testifying before a court of law, and provide damage remedies to employees who have been victimized by such retaliation.

4. In late November 2009, Plaintiff Paul Galloway provided a sworn affidavit in an ongoing federal civil lawsuit in the U.S. District Court for the Southern District of New York describing wrongful conduct by Seagate Technology, LLC ("Seagate"), his former employer, concerning its development of computer disk drive technology.

5. Later that month, Mr. Galloway accepted an offer of employment from Defendant Flexstar, made personally by Flexstar's CEO, Defendant Anthony Lavia. Defendant Flexstar's largest customer is Seagate, against whom Mr. Galloway provided the sworn testimony.

6. Soon after signing the employment contract with Flexstar, the substance of Mr. Galloway's affidavit against Seagate was reported in the *New York Times* and other national media outlets and described his claims about Seagate's misappropriation of technology owned by another company, called Convolve, Inc. ("Convolve").

7. When they learned about Mr. Galloway's affidavit, Defendant Lavia and Flexstar's Board of Directors and officers conspired with the company to fire Galloway in retaliation for his testimony against Seagate, Flexstar's largest customer.

8. This Court must not allow Defendants' conduct to go unpunished. To condone the acts of Defendants would set a dangerous precedent, placing any employee who dares speak the truth in a court of law at risk of losing his job.

9. Plaintiff Mr. Galloway seeks judgment requiring Defendants to compensate him for his lost wages, humiliation, embarrassment, stress, mental anguish, and pain and suffering caused by their actions, as well as an award of punitive damages.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it raises a federal question under 42 U.S.C. § 1985(2). This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as his federal claims.

11. Venue lies in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant Flexstar has an office there and a substantial part of the events giving rise to this action occurred there.

## PARTIES

### *Plaintiff*

12. At all times pertinent to this action, Plaintiff Paul Galloway was a resident of Colorado.

### *Defendants*

13. Defendant Flexstar Technology, Inc. ("Flexstar") is a California corporation with its principal office at 47323 Warm Springs Boulevard, Fremont, California 94539. Flexstar's Research and Development Center is located in Longmont, Colorado.

14. Defendant Anthony Lavia is a resident of California. Lavia is the Chief Executive Officer of Flexstar.

15. Defendant Mark Meyer is a resident of Colorado. Myer is the former Vice President of Sales of Flexstar. He is currently employed by LSI.

3

16. Defendant Tim Beck is a resident of Colorado. He is the Vice President of Sales at Flexstar.

17. Defendant Harold Robinson is a resident of California. At all times pertinent to this action, Robinson was a member of Flexstar's Board of Directors. He is currently a Managing Partner of Rigel Associates, LLC, a private investment firm that acquired Flexstar in conjunction with Audax Management Company, LLC in 2006.

18. Defendant Joel Russ is a resident of Sweden. At all times pertinent to this action, Russ was a member of Flexstar's Board of Directors. Upon information and belief, he is a former Managing Director of Audax Management Company, LLC, a private investment firm that acquired Flexstar in conjunction with Rigel Associates in 2006.

## STATEMENT OF FACTS

### Galloway's Employment with Seagate Technology, LLC

19. From August 1995 to July 2009, Plaintiff Paul Galloway was employed as an engineer at Seagate Technology, LLC ("Seagate"). Upon information and belief, Seagate is the world's largest manufacturer of computer disk drive and storage solutions.

20. During the time that Mr. Galloway worked at Seagate, the company became involved in a federal lawsuit with Convolve, Inc. ("Convolve") and the Massachusetts Institute of Technology ("MIT"). In that suit Convolve and MIT alleged that Seagate misappropriated their computer hard drive technology related to noise and vibration reduction. The action, *Convolve, Inc. and Massachusetts Institute of Technology v. Compaq Computer Corp. and Seagate Technology, LLC, 00-CV-5141* (the "Seagate Action"), is filed in the United States District Court for the Southern District of New York and is currently ongoing.

21. In or about February 2009, while he was still working for Seagate, Mr. Galloway began discussions with Defendant Anthony Lavia, the CEO of Defendant Flexstar, about potential employment opportunities with Flexstar. The conversations between Mr. Galloway and Defendant Lavia continued through the year by telephone and in-person meetings.

22. Defendant Flexstar sells testing systems to computer storage manufacturers and is a vendor to Seagate. Mr. Galloway was familiar with Flexstar and had a business relationship with Defendant Lavia because he worked with Flexstar's products as a Seagate engineer.

23. In May 2009, Mr. Galloway was laid off by Seagate due to downsizing and left his employment with the company in July 2009.

### Galloway's Affidavit in the Seagate Action

24. In December 2009, Mr. Galloway provided an affidavit in the *Seagate Action* regarding Seagate's development of disk drive sound and vibration reduction technology during the time that he was with the company. Specifically, Mr. Galloway testified about meetings between Seagate and Convolve in which Convolve shared information regarding its sound and vibration reduction technology with Seagate. In the affidavit, Mr. Galloway states that Seagate later wrongfully failed to disclose evidence of its reliance on Convolve's technology in developing its own products.

### Flexstar's Hiring of Galloway

25. On December 9, 2009, at a lunch meeting in Colorado, Defendant Lavia continued discussions with Mr. Galloway, specifically about his joining Flexstar as the new Director of Engineering in its Longmont, Colorado Research and Development Center.

26.     On December 11, 2009, Defendant Lavia formally offered Mr. Galloway a position with Flexstar as Director of Engineering.

27.     On December 12, 2009, Mr. Galloway accepted Defendant Flexstar's offer of employment in a telephone conversation with Lavia.

28.     On December 29, 2009, Mr. Galloway executed an employment contract with Flexstar.  The contract states that Galloway would earn a yearly salary of $130,000 and begin work on January 4, 2010.

### Flexstar Retaliates Against Galloway for HisTestimony in the Seagate Action

29.     On December 29, 2009, the *New York Times* and other national media outlets reported that Mr. Galloway had provided testimony supporting Convolve's position against Seagate.

30.     On December 30, 2009, Mr. Galloway called Defendant Lavia to inform him that the *New York Times* had published an article disclosing that Mr. Galloway provided a sworn affidavit against Seagate in the Seagate Action.  Defendant Lavia responded that he would discuss the matter with Flexstar's Board of Directors.

31.     Later that morning, on December 30, 2009, Defendant Lavia e-mailed several individuals, including Defendants Meyer, Beck, and Robinson, a link from www.electronista.com to an article concerning the Convolve litigation.  He also e-mailed Defendant Russ a link to an article on www.nytimes.com concerning the Convolve litigation and identifying the "whistleblower mentioned in this NY Times article" as "Paul Galloway – the 'Kimito-like' resource that I spoke to you about, and that had extended a job offer."

32.     That same morning, Defendants Lavia and Meyer spoke by telephone regarding Mr. Galloway's involvement in the Convolve litigation.  Defendant Meyer expressed

the view that employing Galloway "would absolutely never work and that supporting Galloway in any way would damage Flexstar's business relationship with Seagate."

33. Also that morning, Defendant Beck e-mailed Defendant Lavia, stating "[W]e will have a huge problem with Intel and WDC if this guy is working for us."

34. Later that same morning, Defendant Lavia wrote to Defendants Russ and Robinson:

> After reading the complaint (attached), it makes it difficult to go forward with Paul:
> - Seagate would be upset
> - Other customers would be concerned about NDA protections (Intel is paranoid about such things)
> - Paul did not mention any of this to me until it hit the papers – it questions his judgment, to put it mildly.
>
> Unless you feel otherwise, I am prepared to rescind the job offer.

35. Defendant Lavia subsequently communicated with Russ and Robinson about Mr. Galloway's employment with Flexstar. Together, they decided to terminate Mr. Galloway's employment because of his role as a witness in the Convolve litigation.

36. On the afternoon of December 30, 2009, Defendant Lavia informed Mr. Galloway by telephone that he discussed the news articles about the affidavit with Flexstar's Board of Directors, and that together they decided to terminate Mr. Galloway. Defendant Lavia explained that Seagate was Flexstar's largest customer and that Mr. Galloway's affidavit would impact business between the two companies if Mr. Galloway worked for Flexstar after having testified against Seagate.

37. Shortly after the call, Defendant Lavia wrote Mr. Galloway an email falsely stating that Flexstar was "accepting [Mr. Galloway's] proposal to withdraw [his] acceptance of our employment offer." Stunned by this misrepresentation, Mr. Galloway asked Flexstar to clarify in writing that it was Flexstar, and not him, that was breaking the employment

7

agreement. Mr. Galloway confirmed that he intended to abide by the agreement and work for Flexstar and that he had only notified the company of the *Times* article because he believed Flexstar, as his new employer, should be aware of the matter. In response to Mr. Galloway's request, Defendant Flexstar agreed that it was the company, and not Mr. Galloway, which was terminating Mr. Galloway's employment agreement.

38. Subsequently, in a January 6, 2010 letter to Mr. Galloway's counsel, Flexstar's attorneys confirmed that Flexstar had unilaterally abrogated the employment agreement because of Mr. Galloway's affidavit against Seagate.

39. Despite diligent efforts, Mr. Galloway has not found other employment since Flexstar's withdrawal from the employment agreement.

40. Because of Defendant Flexstar's breach of the employment agreement and its violation of federal and Colorado state law, Mr. Galloway has suffered financially, been unable to secure other employment, and has endured emotional distress.

**FIRST CAUSE OF ACTION**
**Conspiracy to Retaliate Against Witness - 42 U.S.C. § 1985(2)**
**(All Defendants)**

41. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

42. On December 29, 2009, Plaintiff Paul Galloway entered into an employment contract with Defendant Flexstar to become its Director of Engineering.

43. On December 30, 2009, Defendant Flexstar terminated Mr. Galloway in retaliation for his testimony against its largest customer, Seagate, in an ongoing legal proceeding in the U.S. District Court for the Southern District of New York.

8

44. The decision to terminate Mr. Galloway was made by Flexstar's CEO, Defendant Anthony Lavia, in agreement with members of Defendant Flexstar's Board of Directors and officers of Flexstar, including Defendants Russ, Robinson, Meyer and Beck.

45. Defendants actions constitute a conspiracy to injure Mr. Galloway because of his appearance as a witness in a court of the United States. This conspiracy violates 42 U.S.C. § 1985(2).

46. Defendants Flexstar, Lavia, Russ, Robinson, Meyer and Beck acted with evil motive and intent and/or with reckless and callous indifference to Mr. Galloway's rights.

47. As a result of Defendants' actions, Mr. Galloway has suffered lost wages, humiliation, embarrassment, stress, mental anguish, and pain and suffering.

48. Because of Defendants' intentional and unlawful conduct, Plaintiff is entitled to an award of compensatory and punitive damages to be determined at trial.

## SECOND CAUSE OF ACTION
### Prevention of Judicial Access to Employees – C.R.S. § 8-2.5-101
### (Defendants Flexstar and Lavia)

49. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

50. On December 29, 2009, Plaintiff Paul Galloway entered into an employment contract with Defendant Flexstar to become its Director of Engineering.

51. On December 30, 2009, Defendant Flexstar terminated Mr. Galloway in retaliation for his testimony against its largest customer, Seagate, in an ongoing legal proceeding in the U.S. District Court for the Southern District of New York.

52. The decision to withdraw from the employment contract with Mr. Galloway was made by Flexstar's CEO, Defendant Anthony Lavia, in agreement with members of Defendant Flexstar's Board of Directors, and upon information and belief, officers of Flexstar.

53. Defendants' actions are in violation of COLO. REV. STAT. § 8-2.5-101(1)(a) which makes it "unlawful for any person to…take any action against its employees…for, testifying before a…court of law…at the request of such…court."

54. Defendants Lavia and Flexstar's officers and Board of Directors acted with evil motive and intent and/or with reckless and callous indifference to Mr. Galloway's rights.

55. Because of Defendants' actions, Mr. Galloway has suffered lost wages, humiliation, embarrassment, stress, mental anguish, and pain and suffering.

56. As a result of Defendants' intentional and unlawful conduct, Plaintiff is entitled to an award of compensatory and punitive damages to be determined at trial.

### THIRD CAUSE OF ACTION
**Wrongful Discharge in Violation of Public Policy**
**(Defendants Flexstar and Lavia)**

57. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

58. Mr. Galloway was exercising an important job-related right or privilege by offering testimony in a case in U.S. District Court in the form of an affidavit.

59. Defendant Flexstar wrongfully terminated Mr. Galloway's employment in violation of public policy because he performed this important job-related right or privilege. Galloway, as Flexstar's CEO, jointly and with others, made the decision to terminate Galloway's employment.

60. Because of Defendants' actions, Mr. Galloway has suffered both economic and non-economic losses and injuries.

61. Mr. Galloway's injuries were intended by circumstances of malice and/or a reckless disregard for his rights and feelings.

62. As a result of Defendants' intentional and unlawful conduct, Plaintiff is entitled to an award of compensatory and punitive damages to be determined at trial.

### FOURTH CAUSE OF ACTION
### Breach of Contract
### (Defendants Flexstar and Lavia)

63. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

64. On December 29, 2009, Plaintiff Paul Galloway entered an employment contract with Defendant Flexstar to become its Director of Engineering.

65. In retaliation for Plaintiff Galloway submitting an affidavit in the Seagate Action, Defendant Flexstar breached its contract of employment and fired Mr. Galloway.

66. Because of this firing, Mr. Galloway has suffered monetary and emotional damages for which Flexstar and the other Defendants must pay recompense.

### FIFTH CAUSE OF ACTION
### Promissory Estoppel
### (Defendants Flexstar and Lavia)

67. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated herein.

68. Defendants Flexstar and Lavia promised Plaintiff Galloway that they would employ him as Flexstar's Director of Engineering at a salary of $130,000 per annum.

69. Mr. Galloway relied on the promises to his detriment.

70. Defendants failed to fulfill their promises, which caused Mr. Galloway to suffer injuries, losses and damages, both economic and non-economic.

## JURY DEMAND

71. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant:

(a) compensatory damages, in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) attorney's fees and costs pursuant to 42 U.S.C. § 1988, COLO. REV. STAT. § 8-2.5-101(2)(a) and COLO. REV. STAT. § 13-17-101;

(d) prejudgment interest; and

(e) other legal and/or equitable relief that the Court deems appropriate.

Dated: June 23, 2011
       Denver, Colorado

**SANFORD WITTELS & HEISLER, LLP**

Steven L. Wittels, Esq.
Jeremy Heisler, Esq. (admission pending)
Siham Nurhussein, Esq.
1350 Avenue of the Americas
New York, NY 10019
Telephone: (646) 723-2947
Facsimile:  (646) 723-2948
E-mail: swittels@swhlegal.com
        jheisler@swhlegal.com


**MCNAMARA ROSEMAN & KAZMIERSKI LLP**

/s/ Mathew S. Shechter
Todd J. McNamara, Esq.
Mathew S. Shechter, Esq.
1640 East 18th Avenue
Denver, Colorado 80218
Telephone: (303) 333-8700

Facsimile: (303) 331-6967
Email:  tjm@18thavelaw.com
        mss@18thavelaw.com

*Attorneys for Plaintiff Paul Galloway*