IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02853-CMA-MJW

PAUL GALLOWAY,

Plaintiff,

v.

FLEXSTAR TECHNOLOGY, INC.,
ANTHONY LAVIA,
MARK MEYER,
TIM BECK,
HAROLD ROBINSON, and
JOEL RUSS,

Defendants.

**RECOMMENDATION THAT
ALL CLAIMS AGAINST DEFENDANT JOEL RUSS BE DISMISSED BASED UPON
PLAINTIFF'S FAILURE TO SERVE AND FAILURE TO PROSECUTE**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by Judge Christine M. Arguello on December 1, 2010.  (Docket No. 2).

This action was commenced on November 22, 2010.  (Docket No. 1).  An Amended Complaint and Jury Demand was filed on July 26, 2011 (Docket No. 41), which identified four of the John Doe defendants, added four claims, and added additional facts in support of those claims.

On September 27, 2011, this court issued an Order to Show Cause in which the plaintiff was directed to forthwith serve defendant Joel Russ and file proof of service

2

with the court. In addition, this court set a Show Cause Hearing for December 9, 2011, at 9:30 a.m., at which plaintiff was directed to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) as against defendant Joel Russ. At that hearing, plaintiff's counsel advised the court that he did not have an update as to how service on Russ was progressing under the Hague Convention.

> Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). Furthermore, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that all claims against defendant Joel Russ be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   December 9, 2011          s/ Michael J. Watanabe
         Denver, Colorado          Michael J. Watanabe
                                   United States Magistrate Judge