**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02853-CMA-MTW

PAUL GALLOWAY,

    Plaintiff,

v.

FLEXSTAR TECHNOLOGY, INC.,
ANTHONY LAVIA,
MARK MEYER,
TIM BECK,
HAROLD ROBINSON, and
JOEL RUSS,

    Defendants.

---

**ORDER REJECTING DECEMBER 9, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

On December 9, 2011, United States Magistrate Judge Michael J. Watanabe issued a Recommendation (Doc. # 68) in which he recommended that all claims against Defendant Joel Russ be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.  On December 23, 2011, Plaintiff Paul Galloway filed timely objections to the Recommendation.  (Doc. # 71.)  For the reasons stated below, the Court REJECTS the December 9, 2011 Recommendation of the Magistrate Judge.

## I. **BACKGROUND**

On November 22, 2010, Plaintiff filed a Complaint, naming Flexstar Technology, Inc., Anthony Lavia, and John Does 1-10 as Defendants.  (Doc. # 1.)  After initial

discovery, Plaintiff moved to amend the Complaint, naming Mark Meyer, Tim Beck, Harold Robinson, and Joel Russ as defendants. (Doc. # 35.) Plaintiff's motion was granted on July 26, 2011, and the Amended Complaint was filed that same day. (Doc. ## 40, 41.) Defendants Meyer, Beck, and Robinson were timely served. (Doc. ## 45, 46, 50.) However, Plaintiff has, to date, failed to serve Defendant Russ, who resides in Sweden.

On September 27, 2011, the Magistrate Judge issued an Order to Show Cause and directed Plaintiff to serve Defendant Russ and file proof of service with the court. The Magistrate Judge also set a Show Cause Hearing for December 9, 2011, at which Plaintiff was ordered to show cause why his claims against Defendant Russ should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and Local Rule D.C.COLO.LCivR 41.1. (Doc. # 62.) At the hearing, Plaintiff's counsel stated that Plaintiff had already proceeded with service via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents,[1] but that service had not been effectuated. Plaintiff's counsel was unable to provide a specific date by which service would be finalized. After the hearing was held, the Magistrate Judge issued his Recommendation that Plaintiff's claims against Defendant Russ should be dismissed for failure to serve.

---

[1] It is unclear exactly when Plaintiff began the process of attempting to serve Defendant Russ via the Hague Convention, as Plaintiff asserts only that he had proceeded with service by November 7, 2011. (Doc. # 71 at 2-3.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, a district court judge is required to "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

"The acceptable methods of service of a summons and complaint in federal court are set forth in Rule 4 of the Federal Rules of Civil Procedure." *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 432 (S.D.N.Y. 2009). Rule 4(f) allows for service of a defendant located outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ."[2]

The Hague Convention is a treaty entered into by the United States and other countries, including Sweden, which provides a "simple and certain means by which to serve process on a foreign national." *S. African Apartheid Litig.*, 643 F. Supp. 2d at 432. The Convention mandates that each signatory country is required to establish a "Central Authority" in order to receive and attempt to satisfy requests for service of process coming from foreign countries. *See Haun v. HTC, Inc.*, No. 07-cv-180, 2007 WL 2746883, at *1 (E.D. Tenn. Sept. 19, 2007) (unpublished). Service under the Convention is most commonly done pursuant to Article 5, which requires a translation of any documents needed for service into the local language and service of such

---

[2] Subject to restrictions, Rule 4(f)(2) permits alternative service "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice."

3

documents through the Central Authority. *See id.* Once the documents have been properly transmitted to a Central Authority, the Central Authority "shall itself serve the document[s] or shall arrange to have [them] served by an appropriate agency." Hague Convention art. 6. "the timing of service is out of a plaintiff s [sic] control."

Ordinarily, civil actions are subject to dismissal without prejudice unless service is made within 120 days after a complaint is filed. *See* Fed. R. Civ. P. 4(m). 120 days have passed since the Amended Complaint was filed on July 26, 2011.[3] However, by its express terms, Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)," and the Federal Rules do not include any alternative deadline by which service must be completed. Rule 4(m) thus "seems to recognize that the timeliness of foreign service is often out of the plaintiff's control." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). Nevertheless, the time allowed for foreign service is not unlimited, partly due to a district court's need to control its docket. *See id.* For example, dismissal without prejudice for failure to serve may be proper where a plaintiff makes no attempt to begin service on a foreign defendant within 120 days. *See id.*; *USHA (India), Ltd. v. Honeywell Int'l Inc.*, 421 F.3d 129, 134 (2d Cir. 2005).

In this case, Plaintiff asserts that it began the process of attempting to serve Defendant Russ through the Swedish Central Authority no later than November 7, 2011.

---

[3] The 120-day period provided by Rule 4(m) is normally not restarted by the filing of an amended complaint. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006). However, the 120-day period does restart "as to those defendants newly added in the amended complaint." *Id.* Thus, because Defendant Russ was named as a defendant in this case for the first time in the Amended Complaint, Plaintiff would have had 120 days from July 26, 2011 to serve Defendant Russ under Rule 4(m).

4

Thus, Plaintiff sent the necessary documents to the Swedish Central Authority within 120 days of the filing of the Amended Complaint. Moreover, the Court notes that Plaintiff was able to serve the other named defendants soon after the Amended Complaint was filed, suggesting that Plaintiff's failure to serve Defendant Russ may be attributed to the difficulties in serving a foreign defendant, rather than neglect.

In light of the inherent challenges that a plaintiff faces in attempting to effect service on a foreign defendant, the Court will grant Plaintiff an additional 60 days from the date of this Order to secure service on Defendant Russ.[4]  *See MacGirvin v. Sook*, No. 08-2197, 2009 WL 424587, at *2 (D. Kan. Feb. 19, 2009) (unpublished) (granting the plaintiff an additional 60 days to secure service on a foreign defendant, despite her failure to show that she made reasonable efforts to serve the defendant, or that service on the defendant was eminent or feasible).

## IV. CONCLUSION

Based on the foregoing, the Court REJECTS the Magistrate Judge's December 9, 2011 Recommendation. (Doc. # 68.)

---

[4] Plaintiff asserts that during the Show Cause Hearing he informed the Magistrate Judge that he intended to move for an order authorizing service via mail pursuant to Rule 4(f). It is unclear whether this Court may issue such an order, which likely explains why Plaintiff first attempted service through the Hague Convention. *Compare Nuovo Pignore v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002)("the Hague Convention does not permit service by mail") *with Ackerman v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986) ("service of process by registered mail did not violate the Hague Convention."). Plaintiff should brief the issue if he still desires to attempt to effectuate service through the mail.

Accordingly, IT IS ORDERED THAT the claims against Defendant Russ are NOT DISMISSED. Plaintiff shall have sixty (60) days from the date of this Order to serve Defendant Russ and file proof of service with the Court.

DATED:  January  05 , 2012

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge